# PLAINTIFF'S EXHIBIT A

## *SUBPOENA*

Katherine Friess, Plaintiff,

v.

Bennie G. Thompson, Defendants
in his official capacity
As Chairman of the House Select Committee
To Investigate the January 6th Attack on the
United States Capitol; Select Committee to
Investigate the January 6th Attack on the
United States Capitol, a committee of the
Unites States House of Representatives;
AT & T, a Delaware Corporation.



**Global Legal Demand Center**

11760 US Highway 1, STE 300
North Palm Beach, FL 33408

February 9, 2022

**BY OVERNIGHT AND ELECTRONIC MAIL**
KATHERINE E FRIESS
1947 N UHLE ST
ARLINGTON, VA 22201
KEF@HUSHMAIL.COM

Re:   Notice of Subpoena for Records

Account Number: 418094178040
File Number: 3323168.010

Dear Valued AT&T Customer:

The AT&T Global Legal Demand Center responds to subpoenas addressed to AT&T companies ("AT&T"). We have received the enclosed congressional subpoena directing AT&T to disclose information about you, your account, or one or more phone numbers associated with you. Your phone number (202) 330-1661 is listed on a confidential attachment to the subpoena. As a courtesy, we are sending this notice to your address on file to enable you to contest the subpoena if you wish to do so.

You may contest the subpoena in accordance with applicable law. You may also request that the congressional committee responsible for issuing the subpoena withdraw or modify the subpoena voluntarily, by contacting the committee at Select_Clerks@mail.house.gov. AT&T does not give legal advice to its customers or make filings on their behalf. If you need assistance or have further questions, we recommend that you consult an attorney of your choice. If you are not represented by an attorney and do not wish to retain counsel at this time, you may discuss the subpoena directly with the congressional committee responsible for issuing the subpoena.

AT&T plans to respond to this subpoena on February 23, 2022. If we receive a copy of your filing contesting the subpoena by February 22, 2022, AT&T will respond to the subpoena in accordance with the subsequent ruling of the court. Required documentation should be faxed to the AT&T Global Legal Demand Center (fax number 888-938-4715) with the above-referenced AT&T File No. on the transmittal.

We hope you will find this courtesy notice helpful.

Thank you for choosing AT&T.

Sincerely,

Global Legal Demand Center

# SUBPOENA

## BY AUTHORITY OF THE HOUSE OF REPRESENTATIVES OF THE CONGRESS OF THE UNITED STATES OF AMERICA

To **AT&T**

You are hereby commanded to be and appear before the

Select Committee to Investigate the January 6th Attack on the United States Capitol

of the House of Representatives of the United States at the place, date, and time specified below.

[✓] **to produce the things identified on the attached schedule** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

Place of production: 1540A Longworth House Office Building, Washington, DC 20515

Date: February 15, 2022          Time: 10:00 a.m.

[ ] **to testify at a deposition** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

Place of testimony: _____

Date: _____          Time: _____

[ ] **to testify at a hearing** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

Place of testimony: _____

Date: _____          Time: _____

To any authorized staff member or the United States Marshals Service _____ to serve and make return.

Witness my hand and the seal of the House of Representatives of the United States, at the city of Washington, D.C. this 1st day of February, 2022.

_____
*Chairman or Authorized Member*

Attest:
_____
Clerk

AT&T
Page 3

## SCHEDULE

In accordance with the attached definitions and instructions, you, AT&T, are hereby required to produce the documents and records ("Records") listed in Section A, below, **for the time period November 1, 2020, to January 31, 2021**, concerning the phone numbers listed in Section B, below (the "Phone Numbers"). This schedule does not call for the production of the content of any communications or location information.

**Please email the records to SELECT_CLERKS@MAIL.HOUSE.GOV** or, in the alternative, send them by mail to 1540A Longworth House Office Building, Washington, DC 20515, care of Jacob Nelson, Select Committee to Investigate the January 6th Attack on the U.S. Capitol.

**Section A – Records to Be Produced for Each Phone Number**

1. Subscriber Information: All subscriber information for the Phone Number, including:

    a. Name, subscriber name, physical address, billing address, e-mail address, and any other address and contact information;

    b. All authorized users on the associated account;

    c. All phone numbers associated with the account;

    d. Length of service (including start date) and types of service utilized;

    e. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts;

    f. Activation date and termination date of each device associated with the account;

    g. Any and all number and/or account number changes prior to and after the account was activated;

    h. Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses); and

2. Connection Records and Records of Session Times and Durations: All call, message (SMS & MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

## DOCUMENT PRODUCTION DEFINITIONS AND INSTRUCTIONS

1. In complying with this request, produce all responsive documents, regardless of classification level, that are in your possession, custody, or control, whether held by you or your past or present agents, employees, and representatives acting on your behalf. Produce all documents that you have a legal right to obtain, that you have a right to copy, or to which you have access, as well as documents that you have placed in the temporary possession, custody, or control of any third party.

2. Requested documents, and all documents reasonably related to the requested documents, should not be destroyed, altered, removed, transferred, or otherwise made inaccessible to the Select Committee to Investigate the January 6th Attack on the United States Capitol ("Committee').

3. In the event that any entity, organization, or individual denoted in this request is or has been known by any name other than that herein denoted, the request shall be read also to include that alternative identification.

4. The Committee's preference is to receive documents in a protected electronic form (i.e., password protected CD, memory stick, thumb drive, or secure file transfer) in lieu of paper productions. With specific reference to classified material, you will coordinate with the Committee's Security Officer to arrange for the appropriate transfer of such information to the Committee. This includes, but is not necessarily limited to: a) identifying the classification level of the responsive document(s); and b) coordinating for the appropriate transfer of any classified responsive document(s).

5. Electronic document productions should be prepared according to the following standards:

    a. If the production is completed through a series of multiple partial productions, field names and file order in all load files should match.

    b. All electronic documents produced to the Committee should include the following fields of metadata specific to each document, and no modifications should be made to the original metadata:

    BEGDOC, ENDDOC, TEXT, BEGATTACH, ENDATTACH, PAGECOUNT, CUSTODIAN, RECORDTYPE, DATE, TIME, SENTDATE, SENTTIME, BEGINDATE, BEGINTIME, ENDDATE, ENDTIME, AUTHOR, FROM, CC, TO, BCC, SUBJECT, TITLE, FILENAME, FILEEXT, FILESIZE, DATECREATED, TIMECREATED, DATELASTMOD, TIMELASTMOD, INTMSGID, INTMSGHEADER, NATIVELINK, INTFILPATH, EXCEPTION, BEGATTACH.

6. Documents produced to the Committee should include an index describing the contents of the production. To the extent more than one CD, hard drive, memory stick, thumb drive, zip file, box, or folder is produced, each should contain an index describing its contents.

7. Documents produced in response to this request shall be produced together with copies of file labels, dividers, or identifying markers with which they were associated when the request was served.

8. When you produce documents, you should identify the paragraph(s) or request(s) in the Committee's letter to which the documents respond.

9. The fact that any other person or entity also possesses non-identical or identical copies of the same documents shall not be a basis to withhold any information.

10. The pendency of or potential for litigation shall not be a basis to withhold any information.

11. In accordance with 5 U.S.C.§ 552(d), the Freedom of Information Act (FOIA) and any statutory exemptions to FOIA shall not be a basis for withholding any information.

12. Pursuant to 5 U.S.C. § 552a(b)(9), the Privacy Act shall not be a basis for withholding information.

13. If compliance with the request cannot be made in full by the specified return date, compliance shall be made to the extent possible by that date. An explanation of why full compliance is not possible shall be provided along with any partial production, as well as a date certain as to when full production will be satisfied.

14. In the event that a document is withheld on any basis, provide a log containing the following information concerning any such document: (a) the reason it is being withheld, including, if applicable, the privilege asserted; (b) the type of document; (c) the general subject matter; (d) the date, author, addressee, and any other recipient(s); (e) the relationship of the author and addressee to each other; and (f) the basis for the withholding.

15. If any document responsive to this request was, but no longer is, in your possession, custody, or control, identify the document (by date, author, subject, and recipients), and explain the circumstances under which the document ceased to be in your possession, custody, or control. Additionally, identify where the responsive document can now be found including name, location, and contact information of the entity or entities now in possession of the responsive document(s).

16. If a date or other descriptive detail set forth in this request referring to a document

is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, produce all documents that would be responsive as if the date or other descriptive detail were correct.

17. This request is continuing in nature and applies to any newly-discovered information. Any record, document, compilation of data, or information not produced because it has not been located or discovered by the return date shall be produced immediately upon subsequent location or discovery.

18. All documents shall be Bates-stamped sequentially and produced sequentially.

19. Upon completion of the production, submit a written certification, signed by you or your counsel, stating that: (1) a diligent search has been completed of all documents in your possession, custody, or control that reasonably could contain responsive documents; and
(2) all documents located during the search that are responsive have been produced to the Committee.

## Definitions

1. The term "document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of classification level, how recorded, or how stored/displayed (e.g. on a social media platform) and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, data, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, communications, electronic mail (email), contracts, cables, notations of any type of conversation, telephone call, meeting or other inter-office or intra-office communication, bulletins, printed matter, computer printouts, computer or mobile device screenshots/screen captures, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape, or otherwise. A document bearing any notation not a part of the original text is to be considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

2. The term "communication" means each manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in a meeting, by telephone, facsimile, mail, releases, electronic message including email (desktop or mobile device), text message, instant message, MMS or SMS message, message application, through a social media or online platform, or otherwise.

3. The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information that might otherwise be construed to be outside its scope. The singular includes plural number, and vice versa. The masculine includes the feminine and neutral genders.

4. The term "including" shall be construed broadly to mean "including, but not limited to."

5. The term "Company" means the named legal entity as well as any units, firms, partnerships, associations, corporations, limited liability companies, trusts, subsidiaries, affiliates, divisions, departments, branches, joint ventures, proprietorships, syndicates, or other legal, business or government entities over which the named legal entity exercises control or in which the named entity has any ownership whatsoever.

6. The term "identify," when used in a question about individuals, means to provide the following information: (a) the individual's complete name and title; (b) the individual's business or personal address and phone number; and (c) any and all known aliases.

7. The term "related to" or "referring or relating to," with respect to any given subject, means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is pertinent to that subject in any manner whatsoever.

8. The term "employee" means any past or present agent, borrowed employee, casual employee, consultant, contractor, de facto employee, detailee, assignee, fellow, independent contractor, intern, joint adventurer, loaned employee, officer, part-time employee, permanent employee, provisional employee, special government employee, subcontractor, or any other type of service provider.

9. The term "individual" means all natural persons and all persons or entities acting on their behalf.