### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Katherine Friess ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Bennie G. Thompson, in his official capacity ) | |
| As Chairman of the House Select Committee ) | Civil Action No. 1:22-cv-00448-CMA |
| To Investigate the January 6th Attack on the ) | |
| United States Capitol; Select Committee to ) | |
| Investigate the January 6th Attack on the ) | |
| United States Capitol, a committee of the ) | |
| Unites States House of Representatives ) | |
| ) | |
| Defendants ) | |

### STATUS REPORT RESPONSE TO JUDGE'S ORDER
### DOCKETED AS MINUTE ORDER #17

Plaintiff objects to the Magistrate's characterization of events in her Minute Order issued 5/31/2022, Doc. #17.

On 5/12/2022 the Plaintiff had most certainly served the Defendant and attempted to confer with opposing counsel despite the Magistrate's reprove of Plaintiff's counsel.

Plaintiff had filed (*in Doc. #10 and Doc. #12 5/17/2022 and 5/20/2022 respectively*) a very lengthy and detailed account of the extreme lengths it had gone to confer and properly serve the Defendant (*Bennie Thompson, Chairman of the January 6th Select Committee to investigate the actions which took place at the U.S. Capitol Building*) in efforts to keep this Court informed.

To avoid redundancy, the Plaintiff kindly requests this Honorable Court to review the previous filings of Plaintiff as stated above where it specifically details the "explanation" this Honorable Magistrate seeks.

To recap the contents of those filings and the information previously provided to the Court:

- Plaintiff attempted hand to hand service via process server who also provided an affidavit which was submitted in filing (*see Doc. #10*)

1

- The names and context of communication Plaintiff's counsel had conferred with congressional staff members of Congressman Bennie G. Thompson as well as attorneys specifically assigned and working for the Chairman and the Select Committee; that attorney was opposing counsel Mark Harris (*additional communication via email and fax to Attorney Tim Heaphy-these numbers and emails were provided by their own staff*) see Doc. #10.

- A brief explanation of Plaintiff's counsel communication with Defendant's counsel Mark Harris and staff attorney on 5/12/2022 (*during Plaintiff's attempt to confer with opposing counsel as required*). It also states that opposing counsel failed to return the call, which he claimed he would return, to confer with Plaintiff's counsel. The Plaintiff also informed this Court that opposing counsel said he was not sure if he would waive formal service/accept service and he (*Attorney Mark Harris*) would call Plaintiff's counsel back again. Plaintiff's counsel further informed this Court opposing counsel never called later to confer (*see Doc. #10 and Doc. #12*).

- Plaintiff's counsel provided information to this Court that it had formally (*due to opposing counsels apparent refusal to waive service*) served both the U.S. Government and the Defendant (Bennie Thompson) in accordance with the rules promulgated in F.R.Cv.P. and the specific requirements for federal government officials, including congress (*see Doc. #10, paragraph #9-Certificate of Compliance*).

- Plaintiff's counsel explained to the Court the circumstances and efforts to confer with opposing counsel – to no avail. Moreover, Plaintiff politely suggested to this Court that Plaintiff would not be adverse to a continuance if the Government/Defendant requested such as it appeared the staff at the January 6th Select Committee was seemingly unorganized (*see Doc. #10 and Doc. #12*). Notwithstanding the Magistrate's unbraiding; Plaintiff's counsel followed its directives - please note: there was never any shenanigans to avoid communication or to confer with Plaintiff's counsel by AT&T's counsel. Both Plaintiff's counsel and AT&T's counsel conferred in a professional and productive manner coming to an agreed upon solution without the need for Court's intervention (*see Doc. #11 filed by Plaintiff*).

Plaintiff's counsel has searched the local rules and the F.R.Cv.P. and finds there to be no remedy (*prior to scheduled conference date*) for opposing counsel's failure to confer so that Plaintiff could provide a (proposed) scheduling order to the Magistrate before the parties were actually scheduled to meet. Counsel simply used the common senses approach and was relying on the good faith of opposing counsel to appear at the scheduled date. If there is such a personal practice preference this Magistrate utilizes, Plaintiff's counsel would be more than happy and ready to oblige.

Had this Court not cancelled the June 3rd hearing, Plaintiff's counsel as anticipated and prepared for, would have had its chance and the ability to confer with opposing counsel under supervision of the Court *(note: in preparation for the June 3rd hearing, Plaintiff's counsel had long ago booked his flight and made hotel reservation pursuant to this court's order and scheduling)*. As requested by this Court, the Defendant's have been sent notice from Plaintiff's counsel of this Court's particular prescheduling conference order (*June 3, 2022*) with dates and instructions. Opposing counsel was required to either appear or file for a continuance for the scheduled June 3rd hearing. It is not incumbent upon Plaintiff's counsel to force opposing counsel to comply with the rules nor to prematurely file a formal definitive claim of failure to do so seeking court intervention prior to the actual scheduled date of the conference (*June 3, 2022*). Moreover, it would not be constructive nor serve any purpose or benefit to this court or its judicial economy by providing a "one-party" proposed schedule without any input from opposing counsel.

The Plaintiff respectively requests this Honorable Court to correct the record in accordance with the information, circumstances, and events articulated in the Plaintiff's filings.

Katherine Friess by her Attorney,

Respectfully submitted this 1st day of June, 2022

/s/ Raymond Mansolillo
Law Offices of Raymond Mansolillo
One Marina Park Drive, Suite 1410
Boston, MA  02210
Email: rmansolillo@cox.net
Cell:  401-640-4225

## **CERTIFICATE OF SERVICE**

   I, Raymond Mansolillo Esq., hereby certify that on June 1, 2022, a copy of the foregoing *Status Report Response to Judge's Order Docketed as Minute Order #17* was filed electronically via ECF.

              */s/ Raymond Mansolillo*

              Raymond Mansolillo


Dated:  June 1, 2022