IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Katherine Friess ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Bennie G. Thompson, in his official capacity ) | |
| As Chairman of the House Select Committee ) | Civil Action No. 1:22-cv-00448-CMA |
| To Investigate the January 6th Attack on the ) | |
| United States Capitol; Select Committee to ) | |
| Investigate the January 6th Attack on the ) | |
| United States Capitol, a committee of the ) | |
| Unites States House of Representatives ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Ms. Katherine Friess, hereby submits its opposition to defendants' motion to dismiss. Plaintiff's complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), this Court has subject matter jurisdiction and the complaint sufficiently alleges its statement of the claim.

Accordingly, defendants' motion should be denied.

**Plaintiff's Claims are Sufficiently Stated.**

Defendants' move to dismiss Plaintiff's complaint (*as stated in Defendants' P.6 argument*) based on the following: The Plaintiff's claims are barred by the speech or debate clause; by sovereign immunity; and the claims fail on the merits.

Defendants cite no valid authority to support the proposition that these or any other supposedly missing ingredients are, in fact, required in the Plaintiff's complaint. Federal Rule of Civil Procedure 8(a) states that a complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has

1

explained that a complaint need only give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Accord Atchinson, Topeka and Santa Fe Ry v. Buell*, 480 U.S. 557, 568 N. 15 (1987) (Under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a complaint; instead, the statement need only 'give the Defendant fair notice of what the ….claim is and the grounds upon which it rests'". *Epos Tech*; 636 F. Supp. 2d 57, 63(D.D.C. 2009) (*Quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendant's motion would be considered properly filed only "where a Plaintiff's complaint is unintelligib[le] (sic) not where a complaint suffers for "lack of detail" *Epos Tech*; 636 F. Supp. 2d at 3 (citations omitted).

The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See *Swirkiewicz*, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion can be obtained through discovery, the motion should be denied. See, e.g*., Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983)(*denying motion for a more definite statement because details such as "dates, times, names, places" are "the central object of discovery and need not be pleaded"*).

Here the Plaintiff's complaint is not unintelligible or confusing and does not violate Federal Rules of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief". The complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain". The instant complaint specifically identifies the actions of the Defendants and how those actions are wrongful. It describes in more than necessary detail, the facts sufficient to meet the standard of notice pleading and exceeds the requirements set forth in Federal Rule of Civil Procedure 8(a).

Finally, the complaint clearly puts Defendants on fair notice that their actions are wrongful, overbroad and <u>extends well beyond their legitimate legislative sphere.</u> Specifically, one example of foundational importance, the Defendants' actions in seeking "the entire library instead of a [section or portion of the library] (*analogy of smartphone data dump*) which contains the relevant information pertaining to their investigation" does not fall into parameters the U.S. Supreme Court identified. Such action is improper as it extends well beyond the Defendants'

legitimate legislative sphere as much of the information sought by the J-6 Committee in their subpoena could not be used in the legislative sphere.

## The Court has Subject Matter Jurisdiction.

The Court has subject matter jurisdiction, despite Defendants' claim to the contrary. The Defendants do not accurately provide this Court the full and complete interpretation of the cases they cite in support of their motion. They mislead the reader by cutting and pasting snippets of case law without providing the fully panoply of the decisions; specifically those which support their primary theory – the speech or debate clause and the protections it affords legislators. The Defendants raise only the obvious premise and regurgitate the following in their motion ["so long as Congress or its committees are engaged in activities ["within the 'legitimate legislative sphere", including participation] in Committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation, Courts have held that the speech or debate clause is an absolute bar to interference."] This is not fully accurate of the decision(s) as cited by the defendants. The full decision and a reading of the related cases state clearly "**absent a showing that information sought could not be used in the legislative sphere, he concluded judicial interference was unwarranted**".

Chief Justice Burger, in rendering his decision in Eastland after his review and analysis of U.S. Court of Appeals, DC; 159 U.S. App. D.C.352, 488 F.2d 1252, makes specific reference to the above passage as an important factor in the rendering of the Supreme Court's decision. The key distinction which defendants would like this Court to skim over and ignore is the fact that the speech or debate clause is not [in every circumstance] an absolute bar to interference (*interference was the term coined for judicial inquiry*). It is only an absolute bar – absent a showing that information sought by legislators, congressional committees, etc. could not be used in their legislative sphere or duties. In other words, if there is information that the Defendants (*the J-6 Committee members*) are seeking that can't be used in effectuating their legitimate legislative duties, the Court can intervene and fashion a remedy because such action would violate the Supreme Court holding as the Defendants would no longer be acting within the "legitimate legislative sphere".

Seeking information which in essence is a data dump of an attorney's smartphone is not dissimilar to the government obtaining and effectuating a search warrant on that attorney's entire

3

office and existing practice of law while only entitled to one particular client's file and then saying to the attorney … (*after find that one particular file but also taking everything else*), too bad, our power is absolute, don't bother going to a Court, they have no jurisdiction to hear your complaint about this.  The Plaintiffs have showed that much of the information sought gleaned from Attorney Friess' smartphone could not be used in their legitimate legislative sphere.

The Defendants' case citation also revolve solely around First Amendment claims.  This is only one of the Plaintiff's claims.

The Defendants throw in a token case (*Peterson v. Hatch*, 10th Cir.) assuming this Court will be impressed or persuaded.  An examination of that case is so dissimilar in circumstances or context it was either an oversight or a misguided associate trying to make local case law fit the bill and have this Court swallow it hole.  The essence of the Peterson case, the Appellant sued Senator Hatch because he disagreed with the Senator's Judgment when voting concerning the Nation's economic policies.  This is so far astray from the instant actions by the Defendants it misleading and dismissive in argument.

The Defendants then argue as persuasive, because they subpoenaed AT&T and not Ms. Friess personally the Courts are summarily prohibited from "interfering" with their legislative actions; no matter how far they stray from their legitimate legislative sphere and even if the information they seek could not be used in a legitimate legislative proceeding (sphere).  This is nonsense, its simply an attempt at an end around and misapplication of the law.  The attorney representing AT&T recognized it immediately (*in fact, he put it in writing to the Defendants*).  Recognizing the (J-6 Committee) they were seeking information from a private attorney's smartphone including metadata which obviously <u>extends</u> well beyond the legitimate legislative sphere of the J-6 Committee's investigative inquiry into the surroundings of the attack on the Capitol Building.  He, on behalf of AT&T, made it clear that AT&T would not turn over any such information until the scope of the request was reviewed by a Court.  Presumably, as subject matter and perhaps legal experts in this area, AT&T counsel, realized that immediate compliance with such a request that seeks not only information related to its legitimate legislative duties but also information (as requested in the subpoena) that would include a whole host of other clients, private persons, numbers, family, friends, data, addresses, emails, messages, etc. etc. not part of or related in any shape, manner or form to the legitimate J-6 legislative duties could cause irreparable harm to the Plaintiff.  Those private clients, private persons, friends, family members

and telephone numbers and addresses, text messages, emails, data, etc. etc. do not fall within the sphere of legitimate J-6 activity and the J-6 Committee only has a right to that information which it could utilize in conducting its legitimate legislative duties.  The Plaintiff's private clients in Mexico, the Middle East, and other parts of the country and world are part of the information dump the J-6 Committee seeks but are not part of their legitimate legislative sphere,  (*not part of their investigation surrounding the circumstances of events which took place at the capitol building on January 6th*).  The same goes for other private persons, family and friends.

The Plaintiff has clearly presented sufficient information about this in their pleading to meet the requisite standards of Rule 8(a).  Moreover, it has provided sufficient notice to the Defendants as to what the Plaintiff's claim is and the grounds it rests upon.  The J-6 Committee knows the Plaintiff utilized one smartphone for all her legal business and personal affairs.  She didn't have a specific phone issued to her by President Donald Trump or Rudy Giuliani which was to be utilized solely for that particular client or project.  Moreover, such details are not required in an initial pleading.  That is for discovery in later proceedings.  AT&T legal counsel understood this immediately and also discussed same with Plaintiff's counsel.

The Defense makes assertions in its motion and shifts the burden to the Plaintiff claiming if such exists, it's the Plaintiff's problem; she must sort it out.  Not so, this would be unreasonable, overly burdensome, and lead to never ending litigation or accusations that the Plaintiff did not comply.  It's like saying hey, we're taking everything from your law office even though we only can use information from Client X because that is the only information that we can utilize and falls within a "legitimate legislative sphere".  Make sure you remove everything else but Client X's information and if you don't, we'll take it any way and rummage through it even if we can't use it.  Again, the Defendant's cite no valid authority to support their proposition that this is a necessary requirement in the Plaintiff's complaint.

Lastly, the Defendant's themselves in their very own motion move to dismiss the Plaintiff's complaint on the basis the Plaintiff's claim fails on the merits, a challenge implicating the merits of the Plaintiff's claim (*see Defendant's Motion to Dismiss P.6*).  "If such jurisdictional challenge implicates the merits of the underlying claim then: [t]he proper cause of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the Plaintiff's case" (see *Morrison v. Amway Corp.*, 323 F.3d 920, 925, 11th Cir. 2003; see also *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981).  Additionally, the Plaintiff's

complaint is distinguished from Defendant's cited D.C. case, <u>Hearst v. Black</u> as the relief sought by Ms. Friess is not to impede the J-6 investigation. The injunction, whether it be permanent or temporary, and relief sought is simply a narrowing or tailoring down of the information J-6 seeks; claiming they're entitled to every cookie in the cookie jar when ten cookies out of a dozen would have no legitimate legislative utility (*her smartphone*). This is a perversion of the case law and Defendants' interpretation which would give Congress unfettered and overbroad powers under any circumstances and without any judicial checks or balances ever. That is simply a misinterpretation and not true, more so considering the specific circumstances in this case.

For the reasons set forth above, the Plaintiff hereby requests this Honorable Court to deny Defendants' motion.

Katherine Friess by her Attorney,

Respectfully submitted this 24nd day of July, 2022

<u>/s/ Raymond Mansolillo</u>
Law Offices of Raymond Mansolillo
One Marina Park Drive, Suite 1410
Boston, MA  02210
Email: rmansolillo@cox.net
Cell:  401-640-4225

## **CERTIFICATE OF SERVICE**

   I, Raymond Mansolillo Esq., hereby certify that on July 24, 2022, a copy of the foregoing ***Plaintiff's Opposition to Defendant's Motion to Dismiss*** was filed electronically via ECF.


               */s/ Raymond Mansolillo*

               Raymond Mansolillo


Dated:  July 23, 2022