**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-CV-00448-CMA-KLM

KATHERINE FRIESS,

                *Plaintiff*,

v.

BENNIE G. THOMPSON et al.,

                *Defendants*.

---

**MOTION TO DELAY DISCOVERY AND POSTPONE INITIAL STATUS CONFERENCE OR, IN THE ALTERNATIVE, MOTION TO APPEAR BY TELEPHONE OR VIDEO CONFERENCE**

---

      Congressional Defendants, the Honorable Bennie G. Thompson and the United States House Select Committee to Investigate the January 6th Attack on the United States Capitol, move for an order postponing the Initial Status Conference—currently set for August 15, 2022—and delaying any discovery pending resolution of the Congressional Defendants' motion to dismiss this action. Alternatively, the Congressional Defendants, through their undersigned counsel, respectfully request leave to appear at the Initial Status Conference by telephone and/or video conference.

      A proposed order accompanies this motion.

## MEMORANDUM IN SUPPORT OF MOTION

On February 22, 2022, Plaintiff Katherine Friess filed a Complaint against the Congressional Defendants. ECF No. 1. On July 11, 2022, we filed the Congressional Defendants' motion to dismiss. ECF No. 24. Ms. Friess filed an opposition to the motion (ECF No. 28), and with the Congressional Defendants' reply brief filed by the due date, the motion to dismiss will shortly be fully briefed.

On May 31, 2022, this Court ordered a Scheduling Conference, set for August 15, 2022 at 10:00 AM in the Alfred A. Arraj U.S. Courthouse (ECF No. 17) and on July 26, 2022, ordered discovery motions in anticipation of the Scheduling conference (ECF No. 28). Congressional Defendants respectfully request that the Initial Status Conference and any discovery be postponed pending this Court's resolution of the motion to dismiss. The motion to dismiss contends, among other arguments, that this Court lacks subject matter jurisdiction and is barred by the Constitution's Speech or Debate Clause and the doctrine of sovereign immunity. ECF No. 24 at 6-12. Accordingly, a status conference or any discovery prior to this Court's resolution of the motion is inappropriate.

Speech or Debate Clause immunity (expressly imposed in Article I, Clause 6 of the Constitution) provides that Members of the House and Senate, and their officers and aides, cannot be questioned outside of Congress for actions related to their legislative activities. Critically for this case, this means that Members cannot be forced to defend themselves in litigation; they are immune from such burdens. The Framers of the Constitution recognized that "legislative independence is imperiled" when a "civil

action . . . creates a distraction and forces Members to divert their time, energy, and attention from their legislative tasks to defend the litigation." *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975). Where it applies, the Speech or Debate Clause confers "absolute immunity from civil suit." *Rangel v. Boehner*, 785 F.3d 19, 23 (D.C. Cir. 2015) (citation omitted). Speech or Debate Clause immunity thus protects legislators "not only from the consequences of litigation's results but also from the burden of defending themselves." *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967).

Accordingly, no discovery or other proceedings (other than a hearing on our motion to dismiss) should be held in this case until this Court considers and rules on that motion.

If despite this binding precedent, this Court nevertheless wishes to proceed here, the Congressional Defendants respectfully request leave for their counsel to appear remotely. The Office of General Counsel is located in Washington, D.C. Concerns relating to the ongoing COVID-19 pandemic and specifically, traveling during this time, necessitate this request. Further, to best conserve valuable taxpayer dollars and public resources, Congressional Defendants respectfully request that the Court permit undersigned counsel to appear by telephone and/or video conference for the August 15 conference.

Pursuant to Local Rule 7.1, counsel for the Congressional Defendants conferred with counsel for Plaintiff in this matter via electronic mail on July 28, 2022. Plaintiff's counsel responded that Plaintiff consents to the request for remote appearance at the status conference, but opposes all other relief sought.

        Respectfully submitted,

        */s/ Douglas N. Letter*
        Douglas N. Letter
          *General Counsel*

        OFFICE OF GENERAL COUNSEL
        U.S. HOUSE OF REPRESENTATIVES
        5140 O'Neill House Office Building
        Washington, D.C. 20515
        (202) 225-9700
        Douglas.Letter@mail.house.gov

        *Counsel for Congressional Defendants*

July 29, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2022, I caused the foregoing Motion to Delay Discovery and Postpone Initial Status Conference or, in the Alternative, Motion to Appear by Telephone or Video Conference to be filed via the CM/ECF system for the U.S. District Court for the District of Colorado, which I understand caused a copy to be served on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter