**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-CV-00448-CNS-KLM

KATHERINE FRIESS,

<em>Plaintiff</em>,

v.

BENNIE G. THOMPSON et al.,

<em>Defendants.</em>

---

## CONGRESSIONAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

---

**INTRODUCTION**

As explained in the Congressional Defendants' motion to dismiss, under a straightforward application of settled case law, Plaintiff Katherine Friess's Complaint is barred by the Speech or Debate Clause and by sovereign immunity.  In any event, her Complaint fails to state any claim on which relief can be granted.  Instead of engaging with the substance of our arguments, Ms. Friess argues that such arguments are somehow improper in a motion to dismiss.  That claim is manifestly incorrect:  lack of subject matter jurisdiction and failure to state a claim are precisely the types of grounds for dismissal that can be raised under the applicable federal rules.

Even more importantly, because Ms. Friess's opposition fails to respond substantively to most of our arguments—and, where she does respond, her responses are unconvincing—the Congressional Defendants are entitled to judgment on Ms. Friess's claims.

For all the reasons stated in our memorandum in support of our motion to dismiss, the Complaint should be dismissed with prejudice.

**ARGUMENT**

**I.**      As an initial matter, Ms. Friess misunderstands the federal rules governing pleadings and motions to dismiss.  In Ms. Friess's view, to survive a motion to dismiss, her Complaint need only provide "fair notice" and contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp.") 2, ECF No. 27 (citing Fed. R. Civ. P. 8(a)).  But our motion to dismiss is not based on an alleged failure to comply with Rule 8.  Rather, our opening brief

established that (1) this Court lacks subject matter jurisdiction because the claims raised by Ms. Friess are barred by the Constitution's Speech or Debate Clause and sovereign immunity, and (2) the Complaint fails to state any claim on which relief can be granted (even assuming that the Complaint's allegations are sufficiently "short and plain").  Under the Federal Rules of Civil Procedure, those deficiencies require dismissal of the Complaint.  *See* Fed. R. Civ. P. 12(b)(1), (6).

II.     As explained in our opening brief, Ms. Friess's claims are precluded by the Speech or Debate Clause and by the doctrine of sovereign immunity.  *See* Defs.' Mem. in Supp. of Mot. to Dismiss ("Mem.") 6-13, ECF No. 24.  Ms. Friess offers no persuasive response.

*First*, to the extent Ms. Friess suggests that Speech or Debate Clause immunity or sovereign immunity are not bases for dismissal of a complaint (*see* Opp. 1-2), such arguments are flatly wrong.  When the Speech or Debate Clause or sovereign immunity applies to bar a suit, the complaint must be dismissed for lack of subject matter jurisdiction.  *See Rockefeller v. Bingaman*, 234 F. App'x 852, 853-54 (10th Cir. 2007) (affirming dismissal for lack of subject matter jurisdiction because defendants were protected by sovereign immunity and because plaintiff's claims were barred by the Speech or Debate Clause).

*Second*, and critically, Ms. Friess entirely fails to respond to the substance of our sovereign immunity argument.  *See* Mem. 12-13.  Ms. Friess has therefore conceded this issue, and the Complaint must be dismissed.  *See Browne v. Grand Junction, Colo.*, No. 14-CV-00809, 2015 WL 3568313, at *7 (D. Colo. June 8, 2015) ("Plaintiffs appear to

concede this [issue] by failing to respond to this argument in their response. Accordingly, the Court dismisses these claims.").

*Third*, Ms. Friess has no effective response to our Speech or Debate Clause argument.  Her sole contention seems to be that "if there is information that the Defendants . . . are seeking that can't be used in effectuating their legitimate legislative duties, the Court can intervene."  Opp. 3; *see also id.* at 4.  To the extent Ms. Friess suggests that this Court must undertake a more searching inquiry to determine whether the specific requests in the subpoena to AT&T further a valid legislative purpose (*see* Opp. 3-5), her claim is incorrect.  The Supreme Court explained in *Eastland v. U.S. Servicemen's Fund* that "once it is determined that Members are acting within the 'legitimate legislative sphere' the Speech or Debate Clause is an absolute bar to interference."  421 U.S. 491, 503 (1975) (citation omitted).  Accordingly, the scope of the Supreme Court's inquiry in *Eastland* was "narrow."  *Id.* at 506.  Because Congress "was authorized to investigate any subject 'on which legislation could be had,' . . . its issuance of subpoenas necessarily fell within the legislative sphere."  *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 416 (D.C. Cir. 1995) (quoting *Eastland*, 421 U.S. at 504 n.15).

The D.C. Circuit recently applied these principles in *Judicial Watch v. Schiff*, rejecting the argument that a Congressional committee's subpoenas "served no legitimate legislative purpose and were therefore unprotected by the Speech or Debate Clause."  998 F.3d 989, 992 (D.C. Cir. 2021) (internal quotation marks and citation omitted).  The Court explained that "[t]he wisdom of congressional approach or

3

methodology is not open to judicial veto," "[n]or is the legitimacy of a congressional

inquiry to be defined by what it produces."  *Id.* (quoting *Eastland*, 421 U.S. at 509).

Accordingly, as in *Eastland* and *Judicial Watch*, the Speech or Debate Clause provides

"complete immunity . . . for issuance of this subpoena."  *Eastland*, 421 U.S. at 507.

**III.**     Even if this Court had subject matter jurisdiction, Ms. Friess's Complaint

fails to state any claim on which relief can be granted.  *See* Mem. 13-28.

Importantly, Ms. Friess has abandoned her claims that (1) the Select Committee

is improperly constituted or has violated House Rules or its authorizing resolution;

(2) the Select Committee's subpoena violates the First Amendment; and (3) the

subpoenaed information is protected by attorney-client and work-product privileges.

*See* Compl. 8-13.  Our memorandum in support of the motion to dismiss explained at

length why those claims failed (*see* Mem.15-28), and Ms. Friess has offered no

response.  Consequently, Congressional Defendants are entitled to judgment on those

claims.  *See Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir.

2015) (explaining that plaintiff "abandoned" an argument by "fail[ing] to argue it in

response to the motion to dismiss"); *Browne*, 2015 WL 3568313, at *7.

Ms. Friess's sole remaining claim appears to be that the subpoena is too broad

to fall within any legitimate legislative purpose of the Select Committee.  *See* Opp. 5-6.

That claim, in addition to being barred by the Speech or Debate Clause, fails as a

matter of law.

The Select Committee's authorizing resolution charges it to "investigate and

report upon the facts, circumstances, and causes . . . relating to the interference with

the peaceful transfer of power . . . as well as the influencing factors that fomented such an attack." H. Res. 503, 117th Cong. § 3(1) (2021). As the D.C. Circuit recently explained, Congress has a "uniquely vital interest in studying the January 6th attack on itself to formulate remedial legislation and to safeguard its constitutional and legislative operations." *Trump v. Thompson*, 20 F.4th 10, 17 (D.C. Cir. 2021). The D.C. Circuit held that the Select Committee's legislative purpose encompassed the need for Presidential records because of, among other things, then-President Trump's role in "propagating the underlying false narrative of election fraud." *Id.* at 42.

The subpoena to AT&T for Ms. Friess's records falls well within the Select Committee's legislative purpose. *See Eastland*, 421 U.S. at 509; *McPhaul v. United States*, 364 U.S. 372, 382 (1960). Ms. Friess served as a personal attorney to President Trump, and her responsibilities became "especially acute" when President Trump sought to overturn the results of the 2020 election. *See* Compl. ¶ 42. Indeed, Ms. Friess was one of President Trump's associates who promulgated claims that the election was fraudulent or stolen, and sought to pressure officials to adopt that account. *See* Mem. 3.

While Ms. Friess complains that the subpoena to AT&T is overly broad, it intentionally covers only a narrow period—from November 1, 2020, to January 31, 2021—in order to focus on these efforts and their aftermath. The Select Committee requires these records to ensure it has a complete picture of the scope of Ms. Friess's involvement in efforts to overturn the 2020 Presidential election—including the timing

and frequency of her communications with President Trump and other individuals pressing the stolen-election narrative.[1]

In short, Ms. Friess's records are plainly within the ambit of the Select Committee's legitimate legislative inquiry.

## **<u>CONCLUSION</u>**

For the reasons stated above and in our memorandum in support of the motion to dismiss, the Complaint should be dismissed.

Respectfully submitted,

*/s/ Douglas N. Letter*
DOUGLAS N. LETTER
  *General Counsel*
TODD B. TATELMAN
  *Principal Deputy General Counsel*
ERIC R. COLUMBUS
  *Special Litigation Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
Douglas.Letter@mail.house.gov

*Attorney for Congressional Defendants*

August 8, 2022

---

[1] Ms. Friess appears to argue that this court must resolve disputed claims of fact in order to dismiss this Complaint. *See* Opp. at 5. She is incorrect, and fails to identify any material facts in dispute related to the jurisdictional arguments before this Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2022, I caused the foregoing document to be

filed via the CM/ECF system for the U.S. District Court for the District of Colorado,

which I understand caused a copy to be served on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter