## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:      1:22-cv-00448-KLM

KATHERINE FRIESS

Plaintiff,

v.

BENNIE G. THOMPSON in his official capacity
As Chairman of the House Select Committee
To Investigate the January 6th Attack on the
United States Capitol; Select Committee to
Investigate the January 6th Attack on the
United States Capitol, a committee of the
Unites States House of Representatives

Defendant(s).

---

## (PROPOSED SCHEDULING ORDER)

---

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The Scheduling/Planning Conference is Scheduled for August 31, 2022 10:30am.

The counsel of record for each party is as follows:

a.  *Plaintiff* Katherine Friess

Raymond Mansolillo, Esq.
One Marina Park Drive
Suite 1410, Boston, MA  02210
Tel.  (401) 640-4225
Email. Rmansolillo@cox.net

1

b. *Defendant(s)* Bennie G. Thompson, et. al,

January 6th Committee
Todd B. Tatelman, Esq.
5140 O'Neill House Office Building
Washington, D.C. 20515
Tel. (202) 225-9700
Fax (202) 226-1360
Email. Todd.tatelman@mail.house.gov

## 2.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. §1331 because this case arises

under the constitution and clause of the United States, including U.S. Constitutional Amendment

I, IV; 28 U.S.C. §1367; and 28 U.S.C. §§2201-2202.  Plaintiff is domiciled in this District.  No

real property is involved in the action; and the subpoena was served on AT & T seeking records

of Plaintiff, created in and concerns this District.  28 U.S.C. §1391.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

*a.  Plaintiff:*  Seek declaratory judgment and injunctive relief:  violation of first

amendment; violation of state and federal statutory privilege protections; violation of the rules of

the house of representatives (failure to issue subpoena in the presence of a majority of the

committee).

*b.  Defendants:* Defendants have filed a motion to dismiss for lack of subject matter

jurisdiction (Speech or Debate Clause Immunity and Sovereign Immunity) and for failure to state

a claim upon which relief can be granted.  See ECF No. 24.

*c.  Other Parties:*

AT & T dismissed upon statement and accord.  AT & T would not release any records of

Plaintiff without a direct and specific order from this Court.

4. **UNDISPUTED FACTS**

    1.  No stipulated facts

5. **COMPUTATION OF DAMAGES**

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

    a.       Date of Rule 26(f) meeting:  August 9, 2022

Plaintiff's counsel and Defendants' counsel have conferred and discussed matters pursuant to Rule 26(f).  Parties have not entered into an agreement during conference resolving all issues relating to initial disclosures, preservation disclosure and discovery of ESI.

Note:  Defendants position - for the reasons explained in its Motion for a Stay of further proceedings ECF No. 29, no rule 26(f) conference, initial disclosures, other discovery, or other proceedings (other than a hearing on our Motion to Dismiss) should be held in this case until the Court considers and rules on the pending Motion to Dismiss, which is now fully briefed.

    b.       Names of each participant and party he/she represented:

Raymond Mansolillo, Counsel for Plaintiff Katherine Friess

Todd Tatelman, Counsel for Defendant(s) Bennie G. Thompson et. al

    c.       Statement as to when Rule 26(a)(1) disclosures were made or will be made.

    d.       Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

    e.       Statement concerning any agreements to conduct informal discovery:

Parties have not come to an agreement.

    f.       Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

3

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff:   Electronically stored information is being held and preserved by AT&T. AT&T has averred they will be cooperative with all orders of this Court.  Plaintiff's counsel anticipates request of Defendants' records which will involve extensive ESI if the matter cannot be settled pretrial.

Defendants dispute/reject any discovery information should be turned over to Plaintiff.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff has suggested a procedure to reduce discovery, litigation costs and one which would resolve the entire case.  The "records" in question will be held by the Magistrate or a special master designated upon the Court's Order.

A conference will be scheduled and convened before the Magistrate or specially designated master with both parties (in similar fashion as a Court-ordered settlement conference with Magistrate).

The Plaintiff's counsel in camera and alone with the Magistrate will present to the Magistrate those specific identifying data references in the records which are privileged or otherwise unrelated to Plaintiff's one-time counsel duties to President Trump and unrelated to any J-6 Committee investigation, i.e. other clients and persons that have nothing to do with and are wholly unrelated to any J-6 Committee inquiry or investigation.

A brief oral statement in camera to the Magistrate as to who and why the identifying data in the record should not be turned over to the J-6 Committee as privileged or otherwise

4

unrelated.  For example, Plaintiff/Counsel in camera with Magistrate states the following:

Identifying data and its metadata labeled as Plaintiff #1 with identifying data 212-555-1212 should not be released.  This identifying data is unrelated to my counsel duties under Rudy Giuliani for then President Donald Trump.  This is a private legal client, his name is John Doe, it's an international business transaction involving two companies in Ecuador that manufacture and produce palm oil.

As to Plaintiff #2 label – identifying data 800-555-1212, this should not be released.  The identifying data is unrelated to my counsel duties for former President Trump and unrelated to any J-6 Committee inquiry/investigation.  This is a private legal client, her name is Jane Doe, the representation pertains to a complex financial and tax law strategy implemented for the client who conducts business in OFAC sanctioned countries with preapproval of the U.S. Treasury Department.

As to Plaintiff #3 label – identifying data 303-555-1212.  This should not be released. The identifying data is unrelated to my one-time counsel duties for former President Donald Trump and unrelated to any J-6 Committee inquiry/investigation.  This is my foster child's psychiatrist, her name is Dr. Lnu.  She currently treats my foster son for anxiety and depression.

The Magistrate will then excuse Plaintiff/Counsel to outer chambers and call in or conference Defendant(s) counsel privately and inquire (under protective order) the following: Example: Magistrate question: "Counsel, do you have any reason, belief, particularized knowledge or the need to examine what's labeled as Plaintiff #1 identifying data 212-555-1212? Magistrate continues: without getting into specifics, this is a private legal client of Plaintiff regarding transactional business work of a company that sells and manufactures oil. Any concerns?"  Defendants/Counsel answer – No Your Honor.

5

Magistrate question: "How about #2, 800-555-1212?" Defendants/Counsel answer – No Your Honor.

Magistrate Question: "How about #3 303-555-1212? Its purported to be ………….." Defendants/counsel answer – Yes, Your Honor, we have issue with this one. We believe 303-555-1212 is not what its purported to be and believe it's a burner cellphone of Rudy Giuliani who is a topic of interest in our investigation. *Plaintiff emphasizes that these are merely examples of how such Magistrate's review could be conducted.*

Magistrate will then conduct her own analysis based upon propounded averments by the parties and make her decision (which "records" shall be disclosed to the J-6 Committee subject to review by the Judge) and report to the Judge who shall issue an order to the respective parties and AT&T (who holds the records) which "records" shall be disclosed or vice versa which "records" shall be withheld along with a protective order and admonishment that neither party shall disclose any record or information gleaned during the review about any record in which the Magistrate had determined to be withheld or not to be disclosed.

This type of procedure has been utilized in many Federal Courts including the 10th Circuit when disclosure of "records" or information is contested or cannot be agreed upon by the parties. The aforementioned, including the averment that this would settle the entire litigation, (Plaintiff would dismiss all other claims and end litigation in this Court) was proposed to Defendants' counsel. The Defendants rejected the Plaintiff's proposed Magistrate's review as mentioned above. The Defendants provided no alternative other than a request for everything, all "records" and identifying data must be turned over to their Committee (J-6 Committee) and upon and after analysis, they proposed (J-6 Committee) would themselves make a determination.

Plaintiff's counsel rejected such proposition. This has led both parties unable to come to

6

an agreement without further Court intervention.

**7. CONSENT**

All parties [  ]have   [ X] have not consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

a.  Modifications which any party proposes to the presumptive numbers of depositions or

interrogatories contained in the Federal Rules.

  Plaintiff defers to Federal Rules and the Court.

  Defendants:  no response provided

b.  Limitations which any party proposes on the length of depositions.

  Plaintiff defers to Court and Federal Rules.  Anticipates few RFP's, RFA's.

  Defendants:  no response provided

c.  Limitations which any party proposes on the number of requests for production and/or

requests for admission.

d.  Deadline for service of Interrogatories, Requests for Production of Documents and/or

Admissions:

  Motion to add parties:

  *Plaintiff's* choice 10/10/2022

  *Defendants'* choice 09/01/2022

e.  Other Planning or Discovery Orders

  Expert Witnesses disclosed by:

  *Plaintiff's* choice 01/24/2023

  *Defendants:*  no response provided

  Completion of Discovery:

*Plaintiff's* choice:  01/10/2023

*Defendants'* choice:  10/14/2022

**9.  CASE PLAN AND SCHEDULE**

a.  Deadline for Joinder of Parties and Amendment of Pleadings:

Plaintiff's choice 10/10/2022

Defendants' choice 09/01/2022

b.  Discovery Cut-off:

Plaintiff's choice 01/10/2023

Defendants' choice 10/14/2022

*Note:  Defendants' position is that discovery against them is constitutionally prohibited under the Speech or Debate Clause*

c.  Dispositive Motion Deadline:

Plaintiff's choice 01/10/2023

Defendants' choice 10/28/2022

d.  Expert Witness Disclosure

Plaintiff's choice 01/24/2023

Defendants:  no response provided

1.  The parties shall identify anticipated fields of expert testimony, if any.

2.  Limitations which the parties propose on the use or number of expert witnesses.

3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before     , 20   .

4.  The parties shall designate all rebuttal experts and provide opposing counsel and

any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2):

>    Plaintiff's choice:  Twenty (20) days following Defendants filing of experts.

>    Defendants choice:  no response provided

e.   Identification of Persons to Be Deposed:

>    Plaintiff's choice:  30(b)(6) request

>    Defendants:  no response provided

**10. DATES FOR FURTHER CONFERENCES**

a.   Status conferences will be held in this case at the following dates and times:

b.   A final pretrial conference will be held in this case on _____ at o'clock _____ m.
A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than
seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith
effort, were unable to reach an agreement.

>    See Page 3 paragraph h and Pages 4, 5, 6.

b.   Anticipated length of trial and whether trial is to the court or jury.

>    Two (2) days.  No jury demand.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or
economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado
Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood
Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La
Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

>    Plaintiff's choice:  Defer to Court preference

Defendants choice:  no response provided

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____ , 2022.      .

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/ Raymond Mansolillo*
Raymond Mansolillo
One Marina Park Drive
Suite 1410
Boston, MA  02210
Telephone:  (401) 640-4225
rmansolillo@cox.net
*Attorney for Plaintiff Katherine Friess*

*/s/ Todd B. Tatelman*
Todd B. Tatelman
5140 O'Neill House Office Building
Washington, D.C. 20515
Telephone:  (202) 225-9700
Fax:  (202) 226-1360
Todd.tatelman@mail.house.gov
*Attorney for Defendants Bennie G. Thompson et. al*

10