**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:        1:22-cv-00448-CNS-KLM

KATHERINE FRIESS

Plaintiff,

v.

BENNIE G. THOMPSON in his official capacity
As Chairman of the House Select Committee
To Investigate the January 6th Attack on the
United States Capitol; Select Committee to
Investigate the January 6th Attack on the
United States Capitol, a committee of the
Unites States House of Representatives

Defendant(s).

---

**PLAINTIFF'S OPPOSITION/OBJECTION TO DEFENDANTS' MOTION TO DISMISS
(DOCKET NO. 24)**

---

Plaintiff, Katherine Friess, hereby submits its opposition to Defendant's Motion to Dismiss with prejudice.  Ms. Katherine Friess' complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a).  This Court has subject matter jurisdiction in this matter and the complaint sufficiently alleges its claims which if not provided with sufficient relief from this Courts intervention could cause grave harm and damage to persons and/or entities wholly unrelated to any J-6 Committee investigation, inquiry or pursuit.  Accordingly, Defendants' motion should be denied.

The Plaintiff's claims are sufficiently stated and meet jurisdictional requirements.  First

1

and foremost, lest the Defendant be reminded this is a suit for injunctive relief for the issuance of a legal process which is clearly overbroad.

In compliance with the basic rules set forth under Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint" specific facts are not necessary in a complaint; instead, the statement need only give the Defendant(s) fair notice of what the ….. claim is and grounds upon which it rests, *Epos Tech*, 636 F. Supp. 2d 57, 63 (D.D.C. 2009)(quoting *Bell Atlantic v. Tasombly*, 550 U.S. 544, 555 (2007).

The Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts.  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims, see *Swierkiewcz v. Sore*ma N.A. 534, U.S. at 512.

The Defendants' premise from inception is [*oh no Judge, Congress and its members have unfettered power and authority; the Courts cannot intervene 'you have no right to do so, the Plaintiff is merely using you to interfere in our official investigation.'  No one can dispute our authority and power, not the executive branch, nor the judicial branch, nor the people themselves.  They have no authority to seek redress for any dispute or for claims of overreach and abuse (disputes which are determined by the Courts) period; not even the Courts.  We are it.  We do whatever and whenever to whomever we want to with unfettered authority and power.  After all, we are members of congress.  We make the law].*

This committee's grandiloquent beliefs claim only one authority exists, "Congress". Defendants suggests we must dispense with the Court and the Federal Rules of Civil Procedure. ['They don't apply to us'.  'The Plaintiffs don't have any rights to redress in this Court, disputed or not'.  We can seek and take anything they have or possess, including anything they may have a privacy interest in – professional or personal.  We will tell you what's appropriate for our

2

investigation, not the courts and certainly not any mere citizen, especially a citizen who is working on behalf of our archenemy and nemesis, Trump.  We'll tell you what's "privileged" or not or unrelated, just give it to us and we'll let you know whenever we're finished'.]

That may come across as overly facetious but when a critical and objective arbiter of the disputed issues (A District Court Judge/Magistrate) reviews defendants' brief for the standards required to meet a motion to dismiss prior to both parties' receipt of discovery and even prior to any motions for summary judgment have been made to define disputed facts and dispose of unmeritorious claims it rings loud and clear – The Defendants are saying, [hey Judge, 'we run this show, you do what we tell you to do' now dispense with this judicial nonsense, we don't have time for such governess'].

The Defendants' mishmash of ostensible grounds for dismissal motion perhaps is better suited for a correctly titled 'Motion for a More Definitive Statement' or held until after discovery and presented in a Summary judgment motion to define disputed facts or dispense with any issue this Court deems unmeritorious.  The Defendants' obvious default, 'time is of the essence and the Committee will suffer irreparable harm if it doesn't get this information'.  This is horsefeathers.  First and foremost, this matter could have easily been settled in its infancy as Plaintiff suggested a simple remedy to defense counsel which would have dismissed most claims with the exception of one, with the prophylactic measure of appointing a special master or magistrate review of the data (unrelated legal client and private persons having nothing to do with the J-6 Committee's investigation).  Defendants' response was to summarily reject this resolution [no we don't believe the Court should be involved].  The matter would have been resolved long ago; so baloney to Defendants' claim time is of the essence.  Moreover and even more to the legal standards of the data sought, the J-6 Committee already has this data or should

3

I say has data that is legitimately related to their investigation.  Yes, the Committee already has this information, most every person Ms. Friess worked under and communicated with during the specific time period in question has already been called to either provide testimony in their proceeding or voluntarily provided statements to the J-6 Committee.  Rudy Giuliani, Bernard Kerik, Jenna Ellis and Christina Bobb.  With the exception of a few other staff persons and former President Trump, who contacted Plaintiff three times through lead counsel Giuliani, these are all the people the data will show she had contact with.  The J-6 Committee already has most of this data if not more which would include numbers (data information) of Ms. Friess to and from these individuals. Incoming data to Ms. Friess or outgoing data from Ms. Friess with regards to those individuals is exactly the same.   The Defendants already have the data information they seek which is relevant to their investigation.   The Defendants request is overbroad and cumulative.  The J-6 Committee's request for "data" is evidence sought which had already been provided by other witnesses.  The Tenth Circuit has stated that overbroad subpoenas, which amount to a "fishing expedition" will not be found to be sufficiently focused to overcome the reporter's privilege.  *Silkwood v. Kerr-McGee Corp.* 563 F.2d, 433, 437 (10th Cir. 1977).   In the instant case, this involves the attorney-client privilege instead of the reporter's privilege.  I think legal scholars would say the attorney client privilege is much more sacrosanct and important to civil society and the rule of law than the reporters privilege.

This Court has already stated that overbroad subpoenas issued under Rule 17 will not be enforced.  See *United States v. Gonzalez-Acesta*, 989 F.2d 384, 389 (10th Cir. 1993)(Pre-Trial subpoenas cannot amount to a "fishing expedition" and those seeking materials for production at trial must seek documents that are "relevant", admissible and specific").  Furthermore, a criminal defendant's subpoena will be denied if it seeks information that is cumulative of other available

4

information (see previous paragraph J-6 Committee already possesses this data information), see *U.S. v. Hernandez-Uvista*, 9 F.3d 82, 84 (10th Cir. 1993) affirming trial court's denial of defendant's subpoena request under Fed. R. Crim. P. 17(b) where evidence sought had already been provided by other witnesses. The civil standard is not dissimilar; moreover, criminal referrals from this J-6 Committee are being routinely made and its fundamental existence is an investigative committee seeking evidence. Notwithstanding this Court's position on such matters as overbroad and cumulative subpoena requests, the Plaintiff has offered to willingly comply with Defendants' request, with one small and reasonable caveat, that the Court fashion a prophylactic remedy (magistrate in camera review) to protect unrelated attorney-client privileged information and unrelated personal information from being disclosed. The Defendants rejected any such course taken with the Court's involvement simply because it believes it is omnipotent. It doesn't have to be subject to a lowly Court's decision in remedying a meritorious dispute between itself and another party.

## LEGAL STANDARDS FOR FEDERAL FULE OF CIVIL PROCEDURE MOTIONS TO DISMISS

The three most common federal court motions to dismiss which can be brought and the standard for overcoming them. These motions include Fed. R. Civ. P. 12(b)(1), which challenges subject matter jurisdiction, Fed. R. Civ. P. 12(b)(2), which challenges personal jurisdiction, and Fed. R. Civ. P. 12(b)(6) which asserts that plaintiff has failed to state a claim upon which relief may be granted.

### I. Rule 12(b)(1)
Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims, *FEMA Trailer Formaldehyde Products Liability Litigation,* 668 F.3d 281, 286 *(5th Cir. 2012). A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction, See *Fed. R. Civ. P. 12(b)(1).* Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Lack of subject-matter jurisdiction may be found

in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *In re FEMA.* "When grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim." *Valdery v. Louisiana Workforce Com*mission, 2015 WL 5307390 (E.D. La. Sept. 10, 2015).

## II. Rule 12(b)(2)

"Personal jurisdiction 'is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication.' *Anderson v. GlobalSantaFe Offshore Services*, Inc., 924 F.Supp.2d 738, 742 (E.D. La. 2013) (quoting Rhurgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). When a non-resident defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving that personal jurisdiction exists. If the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. In determining whether the plaintiff has made a prima facie showing of personal jurisdiction, the district court must take the allegations of the complaint as true, except as controverted by opposing affidavits, and all conflicts in the facts must be resolved in favor of plaintiffs. Thus, the district court may consider matters outside the complaint, including affidavits, when determining whether personal jurisdiction exists,

To exercise personal jurisdiction over a non-resident defendant, two requirements must be satisfied. "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 270 (5th Cir. 2006). Because Colorado's long-arm statute confers personal jurisdiction to the limits of constitutional due process;

The Due Process Clause of the Fourteenth Amendment "operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). For a court's exercise of personal jurisdiction over a non-resident defendant to be constitutional under the Due Process Clause, (1) "that defendant [must have] purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant [must] not offend 'traditional notions of fair play and substantial justice.'" The "minimum contacts" test takes two forms, depending on the type of jurisdiction the court seeks to exercise over the defendant: general jurisdiction or specific jurisdiction. In addition, the Federal Rules of Civil Procedure provide for a third form of personal jurisdiction in cases arising under federal law known as Rule 4(k)(2) jurisdiction.

## III. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.15 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007); "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertions devoid of further factual enhancement" are not sufficient, *Iqbal*, 556 U.S. at 663.

In summary, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown'—that the pleader is entitled to relief."  *Id.* (Quoting Fed. R. Civ. P. 8(a)(2));

## IV. Subject Matter Jurisdiction
Federal court complaints assert subject matter jurisdiction under 28 U.S.C. § 1331 ("federal question" jurisdiction), 28 U.S.C. § 1332 ("diversity of citizenship" jurisdiction), or 28 U.S.C. § 1333 ("admiralty or maritime" jurisdiction).

## V. General jurisdiction.
A court may exercise general jurisdiction over a non-resident defendant when that defendant's contacts with the forum state are "continuous and systematic," regardless of whether such contacts are related to the plaintiff's cause of action, *Helicopeteros Nacio*nales, 466 U.S. at 413-14.  Stated differently, "[g]eneral jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in 'continuous and systematic' activities in the forum state." *721 Bourbon, Inc. v. House of Auth., L.L.C.*, 140 F.Supp. 3rd 586, 592 (E.D. La. 2015).  The Supreme Court has explained, "for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  That is, the corporation must have substantial, continuous, and systematic contacts with the forum state so as to "render [it] essentially at home in the forum state, *Daimler AG v. Bauman*, ___ U.S. ___, 134 S.Ct. 746, 754 (2014).  Generally, however, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business, *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Daimler AG*, 134 S.Ct. At 760; *Helicopteros Nacionales*, 466 U.S. at 411-12).  To make a prima facie showing of general jurisdiction, Plaintiff must produce evidence that affirmatively shows that the defendant's contacts with the forum state are sufficient to satisfy due process requirements.

## VI. Specific jurisdiction.
When the defendant's contacts are less pervasive, a court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum."  *Luv N' Care*, 438 F.3d at 469.   Specific jurisdiction exists, for example, where a non-resident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'"  Specific jurisdiction also exists where a non-resident defendant "purposefully avails itself of the privilege of conducting activities

7

within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Hansen v. Denckla*,357 U.S. 235, 253 (1958)). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Courts established a three-factor analysis to guide in assessing the presence of specific personal jurisdiction: (1) Whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) Whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) Whether the exercise of personal jurisdiction is fair and reasonable.

To make a prima facie showing of specific personal jurisdiction, the plaintiff need only satisfy the first two factors, *Athletic Training Innovations, LLC v. eTagz, Inc.*, 955 F.Supp.2d 602, 613 (E.D. La. 2013). If the plaintiff makes a prima facie showing, the burden of proof with respect to the third factor shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1018-19 (Fed. Cir. 2009); *Athletic Training Innovations*, 955 F.Supp.2d at 613.

"Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a prima facie case for specific jurisdiction has been presented." *Panda Brandywine Corp.*, 253 F.3d at 868. Establishing a prima facie case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state, *Id.* (Citing *Burger King*, 471 U.S. at 474 ("The constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state.")). Plaintiff may be required to produce evidence affirmatively demonstrating the defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state, *Id.* If plaintiff does not allege that the injuries leading to his litigation occurred in the forum state, a court may have specific jurisdiction over a tort only if the plaintiff proves that his injuries arise out of or result from the defendant's purposefully directed activities toward the forum state, *Anderson*, 924 F.Supp.2d at 745.

## VII. Fed. R. Civ. P. 4(k)(2)
If there is neither general nor specific jurisdiction, there nevertheless might be jurisdiction under Fed. R. Civ. P. 4(k)(2), which provides:
For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
(A) the defendant is not subject to jurisdiction in any state's court of general jurisdiction; and
(B) exercising jurisdiction is consistent with the United States Constitution and laws.
The Rule was enacted to fill an important gap in the jurisdiction of federal courts in cases arising under federal law: Thus, there was a gap in the courts' jurisdiction: while a defendant may have sufficient contacts with the United States as a whole to satisfy due process concerns, if she had insufficient contacts with any single state; she would not be amendable to service by a federal court sitting in that state . . . Rule 4(k)(2) was adopted in response to this problem of a gap in the courts' jurisdiction "If . . . the defendant

contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Id*. at 840.  See also *Johnson*, 926 F.Supp.2d at 884-85.

**VIII. An unusual side benefit of Rule 4(k)(2) jurisdiction?**
Whereas venue in a federal court lawsuit is normally controlled by the provisions of 28 U.S.C. § 1391(b)(1) and (2)  *E.g, a judicial district in which any defendant resides, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.*  Rule 4(k)(2) jurisdiction seems to dispense with § 1391. Why? Because the target defendant denies being subject to jurisdiction in any state's court of general jurisdiction, thus when plaintiff chooses the venue, the court looks for "contacts with the United States as a whole."

## CONGRESSIONAL SUBPOENAS

There are three formal remedies that Congress can take to enforce compliance with a subpoena request.

First, Congress can detain an individual subpoenaed until he or she complies with the subpoena request.  Although this power is granted, it has not been utilized since 1935 and most likely wouldn't pass scrutiny today.

Second, the request can be referred to the U.S. Attorney for The District of Columbia "to pursue criminal contempt proceedings", i.e. invoking the Federal Courts jurisdiction thus availing itself to a U.S. District Court.

Lastly, the third formal remedy, the House of Representatives can seek a civil enforcement judgment from a U.S. District Court under the Ethics in Government Act of 1978. This option has been used the most frequently.  If a Court decides that the subpoena request is valid, it orders that the individual must comply, i.e. the Congress has clearly availed itself to jurisdiction in U.S. District Courts under this federal act alone "The Ethics in Government Act of 1978".

For the Defendants to claim the U.S. Courts do have jurisdiction to decide upon the

validity of a subpoena when it behooves enforcement in their favor yet in another breath such as the instant case such is not within the jurisdictional purview of the Court belies common sense and all notions of jurisprudence.

The Plaintiff, for the reasons set forth above and those already mentioned in the Complaint itself supporting subject matter Jurisdiction and the sufficiency of its claims as alleged in its complaint along with its compliance with F.R.cr.P 8(a) respectfully requests this Court to deny Defendants' Motion(s) to Dismiss with Prejudice.

*/s/ Raymond Mansolillo*

Raymond Mansolillo
One Marina Park Drive
Suite 1410
Boston, MA  02210
Telephone:  (401) 640-4225
rmansolillo@cox.net
*Attorney for Plaintiff Katherine Friess*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2022, the attached Opposition/Object to Defendants' Motion to Dismiss was filed via the CM/ECF system for the U.S. District Court for the District of Colorado, with a copy to be served on all registered parties.


_/s/ Raymond Mansolillo_
Raymond Mansolillo